**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50049 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04481-BEN |
| v. | |
| JOSE ANTONIO RAMOS-JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jose Antonio Ramos-Jimenez appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos-Jimenez contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to resolve the factual dispute concerning his 2005 arrest. The parties dispute the standard of review that applies to this claim. We need not resolve this dispute because even on de novo review Ramos-Jimenez's claim fails. The district court expressly stated that the disputed portion of the presentence report would have no effect on sentencing, and the record reflects that the alleged arrest did not affect the sentence selected. Accordingly, the court did not err by failing to resolve the dispute. *See* Fed. R. Crim. P. 32(i)(3)(B); *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007).

Ramos-Jimenez also contends that his sentence is substantively unreasonable because it was based on factually disputed information. The district court did not abuse its discretion in imposing Ramos-Jimenez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the advisory Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id*.

**AFFIRMED.**